■ WEST BAY REALTY CORP., Appellant, v GAD-SAL REALTY CORP. et al., Respondents.—In an action by a contract vendor to recover damages for the vendee's failure to purchase real property as agreed, the vendor appeals from a judgment of the Supreme Court, Nassau County, dated February 3, 1976, which, after a nonjury trial, dismissed its complaint and awarded the defendant Gad-Sal Realty Corp. judgment on its counterclaim against the vendor for $23,200, plus interest and costs. Judgment affirmed, with costs. The contract of sale provided, *inter alia,* that the vendee (1) would take title to certain real property in Nassau County subject to a mortgage to be obtained by the vendor and (2) would give back to the vendor a 12-year purchase-money mortgage in accordance with a rider annexed to the contract. The rider provided that the purchase-money mortgage should contain, "in addition to the usual provisions ordinarily contained in such [a] mortgage", nine specific provisions, none of which have present relevance. Prior to the law day, the vendor obtained a mortgage from an out-of-State bank. This mortgage recited that it was executed concurrently with another mortgage made to the bank by Carillon Capital Corp. (not a party herein) on certain real property in Queens County. The mortgage also recited that both the vendor and Carillon were controlled by the same principals and that the vendor contemplated selling its Nassau County property and taking back a second (i.e., purchase-money) mortgage. The vendor's mortgage further recited that the above-mentioned second mortgage would be subject to six specified conditions. One of these was a provision that if the Carillon mortgage remained in default for a specified period of time, then the bank "has a right to all proceeds of the second mortgage up to the amount necessary to pay in full the amount owing" it on the Carillon mortgage. In addition, the vendor's mortgage obligated it to assign to the bank any second mortgage given to it upon the sale of its property and provided that failure to do so within seven days after closing would constitute a default of the vendor's mortgage and render the principal amount thereof immediately due and owing. The vendee's counsel was given a copy of this mortgage on the eve of closing. He and the president of the defendant Long Beach Motor Hotel, Inc., to whom the contract vendee had assigned its contract, objected to several of its terms. The closing was adjourned for two weeks; defendants did not appear on the adjourned date and the closing never took place. We hold that the defendants were justified in refusing to take title to the property subject to the mortgage obtained by the plaintiff from the bank, since that mortgage contained provisions which not only constituted a cloud on title, thus rendering title unmarketable, but also transformed the purchase-money mortgage which the vendee was to give back into a mortgage substantially different from the purchase-money mortgage specified in the contract of sale, thus breaching the contract. No one may be compelled, against his will, to put his property up as security for the debt of another, yet this is the effect that the mortgage proffered by plaintiff has upon the purchase-money mortgage which the vendee was to have given back. Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.